# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. **15-20755 CR-MORENO**

21 U.S.C. § 963
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 1956(h)
21 U.S.C. § 853
21 U.S.C. § 982(a)(1)

/ O'SULLIVAN

FILED by _____ D.C.

SEP 25 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA

vs.

**JORGE RAMON HERNANDEZ,**
**JOSUE MORALES FIGUEROA,**
**SETH DANIEL MURRAY,**
**JOSE ANGEL QUINTANA,**
**ANGEL MOREJON,**
**ASHLEY SUE MORALES,**
**CARLEANE DIANA BERMAN,**
**MARIO RAUL MELTON,**
**ZORIMAR ARIAS PABON,**
**KYLE LEE POLLARD, and**
**CALVIN BENJAMIN JONES,**

**Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

Beginning at least as early as in and around November 2011, through on or about the date

of the return of this Indictment, the exact dates being unknown to the Grand Jury, in Miami-Dade

and Broward Counties, in the Southern District of Florida and elsewhere, the defendants,

**JORGE RAMON HERNANDEZ,**
**JOSUE MORALES FIGUEROA,**
**SETH DANIEL MURRAY,**
**JOSE ANGEL QUINTANA,**

**ANGEL MOREJON,**
**ASHLEY SUE MORALES,**
**CARLEANE DIANA BERMAN,**
**MARIO RAUL MELTON, and**
**ZORIMAR ARIAS PABON,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to import into the United States, from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

With respect to defendants **JORGE RAMON HERNANDEZ, JOSUE MORALES FIGUEROA, JOSE ANGEL QUINTANA, ANGEL MOREJON, ASHLEY SUE MORALES, CARLEANE DIANA BERMAN, SETH DANIEL MURRAY** and **MARIO RAUL MELTON,** the controlled substance involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a quantity of ethylone, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 960(b)(3).

With respect to defendants **JORGE RAMON HERNANDEZ, JOSUE MORALES FIGUEROA, JOSE ANGEL QUINTANA, ANGEL MOREJON, ASHLEY SUE MORALES, CARLEANE DIANA BERMAN,** and **ZORIMAR ARIAS PABON,** the controlled substance involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a quantity of methylone, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 960(b)(3).

2

## COUNT 2

Beginning at least as early as in and around November 2011, through on or about the date of the return of this Indictment, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida and elsewhere, the defendants,

**JORGE RAMON HERNANDEZ,
JOSUE MORALES FIGUEROA,
SETH DANIEL MURRAY,
JOSE ANGEL QUINTANA,
ANGEL MOREJON,
ASHLEY SUE MORALES,
CARLEANE DIANA BERMAN,
MARIO RAUL MELTON,
ZORIMAR ARIAS PABON, and
KYLE LEE POLLARD,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

With respect to defendants **JORGE RAMON HERNANDEZ, JOSUE MORALES FIGUEROA, JOSE ANGEL QUINTANA, ANGEL MOREJON, ASHLEY SUE MORALES, CARLEANE DIANA BERMAN, SETH DANIEL MURRAY, MARIO RAUL MELTON,** and **KYLE LEE POLLARD,** the controlled substance involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a quantity of ethylone, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

With respect to defendants **JORGE RAMON HERNANDEZ, JOSUE MORALES FIGUEROA, JOSE ANGEL QUINTANA, ANGEL MOREJON, ASHLEY SUE**

3

**MORALES, CARLEANE DIANA BERMAN,** and **ZORIMAR ARIAS PABON,** the controlled substance involved in the conspiracy attributable to the defendant as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a quantity of methylone, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT 3**

Beginning at least as early as in and around November 2011, through on or about the date of the return of this Indictment, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida and elsewhere, the defendants,

**JORGE RAMON HERNANDEZ,**
**JOSUE MORALES FIGUEROA,**
**SETH DANIEL MURRAY,**
**JOSE ANGEL QUINTANA,**
**ANGEL MOREJON,**
**ASHLEY SUE MORALES,**
**CARLEANE DIANA BERMAN, and**
**ZORIMAR ARIAS PABON,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to transport, transmit, and transfer monetary instruments and funds from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, Unites States Code, Section 1956(a)(2)(A).

It is further alleged that the specified unlawful activity is the felonious importation, receiving, concealing, buying, selling, and otherwise dealing in a controlled substance, punishable under the laws of China and the United States.

All in violation of Title 18, United States Code, Section 1956(h).

4

## COUNT 4

Beginning on or about December 2013, and continuing through on or about June 30, 2014, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**ASHLEY SUE MORALES,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The controlled substances involved in the conspiracy attributable to the defendant as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, are quantities of methylone and ethylone, both Schedule I controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 5

On or about February 13, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ASHLEY SUE MORALES,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a quantity of methylone, a Schedule I controlled substance.

5

## COUNT 6

On or about May 14, ~~2015~~ 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

**MARIO RAUL MELTON,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a quantity of ethylone, a Schedule I controlled substance.

## COUNT 7

On or about May 15, ~~2015~~ 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

**MARIO RAUL MELTON,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a quantity of ethylone, a Schedule I controlled substance.

## COUNT 8

On or about June 15, 2015, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ANGEL MOREJON,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a quantity of ethylone, a Schedule I controlled substance.

## COUNT 9

On or about June 15, 2015, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

### SETH DANIEL MURRAY,

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a quantity of ethylone, a Schedule I controlled substance.

## COUNT 10

On or about June 19, 2015, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

### JOSE ANGEL QUINTANA,

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a quantity of ethylone, a Schedule I controlled substance.

## COUNT 11

On or about June 22, 2015, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ANGEL MOREJON,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a quantity of ethylone, a Schedule I controlled substance.

## COUNT 12

On or about July 13, 2015, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**KYLE LEE POLLARD,**

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a quantity of ethylone, a Schedule I controlled substance.

## COUNT 13

Beginning on or about January 1, 2015, and continuing through on or about April 30, 2015, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida and elsewhere, the defendants,

**JOSUE MORALES FIGUEROA, and**

**CALVIN BENJAMIN JONES,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The controlled substances involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a quantity of ethylone, a Schedule I controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 14

On or about April 15, 2015, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**CALVIN BENJAMIN JONES,**

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a quantity of ethylone, a Schedule I controlled substance.

## FORFEITURE ALLEGATIONS

1.     The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant has an interest.

2.     Upon conviction of a violation of Title 21, United States Code, Sections 841(a)(1), 846, and 963, as alleged this Indictment, the defendant shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation, pursuant to Title 21, United States Code, Section 853.

3.     Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant shall forfeit to the United States, any property, real or personal, involved in such violation, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.     The property which is subject to forfeiture includes, but is not limited to, the entry of a money judgment which sum represents the value of any property involved in the offense.

5.     If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to or deposited with a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES OF AMERICA

vs.

JORGE RAMON HERNANDEZ, et al.,

**Defendants.** _____/

CASE NO. _____

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

| | |
|---|---|
| ✓ Miami | _____ Key West |
| _____ FTL | _____ WPB _____ FTP |

New Defendant(s)          Yes _____    No _____
Number of New Defendants          _____
Total number of counts          _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)     No
    List language and/or dialect     _____

4.  This case will take     11-20     days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                                    (Check only one)

| | | |   | | | |
|---|---|---|---|---|---|---|
| I   | 0 to 5 days    | _____ | | Petty   | _____ |
| II  | 6 to 10 days   | _____ | | Minor   | _____ |
| III | 11 to 20 days  | ✓     | | Misdem. | _____ |
| IV  | 21 to 60 days  | _____ | | Felony  | ✓     |
| V   | 61 days and over | _____ | |       | |

6.  Has this case been previously filed in this District Court? (Yes or No)     No
    If yes:
    Judge: _____     Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?     (Yes or No)     No
    If yes:
    Magistrate Case No.     15-02776-EGT
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of     07/20/2015 (Seth D. Murray)
    Rule 20 from the _____     District of _____

    Is this a potential death penalty case? (Yes or No)     No

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     _____ Yes     ✓ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?     _____ Yes     ✓ No

_____

MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No.  A5501696

*Penalty Sheet(s) attached

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: JORGE RAMON HERNANDEZ**

**Case No**: _____

Count(s) #: 1

Conspiracy to import methylone and ethylone.

Title 21, United States Code, Section 963

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 2

Conspiracy to possess with the intent to distribute methylone and ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 3

Conspiracy to commit money laundering.

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>**JOSUE MORALES FIGUEROA**</u>

**Case No**: _____

Count(s) #: 1

Conspiracy to import methylone and ethylone.

Title 21, United States Code, Section 963

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 2

Conspiracy to possess with the intent to distribute methylone and ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 3

Conspiracy to commit money laundering.

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 13

Conspiracy to possess with the intent to distribute ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

PENALTY SHEET

**Defendant's Name**: **SETH DANIEL MURRAY**

**Case No**: _____

Count(s) #: 1

Conspiracy to import ethylone.

Title 21, United States Code, Section 963

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 2

Conspiracy to possess with the intent to distribute ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 3

Conspiracy to commit money laundering.

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 9

Attempt to possess with the intent to distribute ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **JOSE ANGEL QUINTANA**

**Case No**: _____

Count(s) #: 1

Conspiracy to import methylone and ethylone.

Title 21, United States Code, Section 963

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 2

Conspiracy to possess with the intent to distribute methylone and ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 3

Conspiracy to commit money laundering.

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 10

Attempt to possess with the intent to distribute ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **ANGEL MOREJON**

**Case No:** _____

Count(s) #: 1

Conspiracy to import methylone and ethylone.

Title 21, United States Code, Section 963

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 2

Conspiracy to possess with the intent to distribute methylone and ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 3

Conspiracy to commit money laundering.

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 8 and 11

Possession with the intent to distribute ethylone.

Title 21, United States Code, Section 841(a)(1)

**\* Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **ASHLEY SUE MORALES**

**Case No**: _____

Count(s) #: 1

Conspiracy to import methylone and ethylone.

Title 21, United States Code, Section 963

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 2 and 4

Conspiracy to possess with the intent to distribute methylone and ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 3

Conspiracy to commit money laundering.

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 5

Possession with the intent to distribute methylone.

Title 21, United States Code, Section 841(a)(1)

**\* Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

PENALTY SHEET

**Defendant's Name:** **CARLEANE DIANA BERMAN**

**Case No:** _____

Count(s) #: 1

Conspiracy to import methylone and ethylone.

Title 21, United States Code, Section 963

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 2

Conspiracy to possess with the intent to distribute methylone and ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 3

Conspiracy to commit money laundering.

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:** **MARIO RAUL MELTON**

**Case No**: _____

Count(s) #: 1

Conspiracy to import ethylone.

Title 21, United States Code, Section 963

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 2

Conspiracy to possess with the intent to distribute ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 6

Possession with the intent to distribute ethylone.

Title 21, United States Code, Section 841(a)(1)

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 7

Possession with the intent to distribute ethylone.

Title 21, United States Code, Section 841(a)(1)

**\* Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

PENALTY SHEET

**Defendant's Name**: **ZORIMAR ARIAS PABON**

**Case No**: _____

Count(s) #: 1

Conspiracy to import methylone.

Title 21, United States Code, Section 963

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 2

Conspiracy to possess with the intent to distribute methylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 3

Conspiracy to commit money laundering.

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

PENALTY SHEET

**Defendant's Name**: **KYLE LEE POLLARD**

**Case No**: _____

Count(s) #: 2

Conspiracy to possess with the intent to distribute ethylone.

Title 21, United States Code, Section 846

* **Max.Penalty**: 20 years imprisonment

Count(s) #: 12

Attempt to possess with the intent to distribute ethylone.

Title 21, United States Code, Section 846

* **Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

<u>PENALTY SHEET</u>

**Defendant's Name:** <u>**CALVIN BENJAMIN JONES**</u>

**Case No**: _____

Count(s) #: 13

Conspiracy to possess with the intent to distribute ethylone.

Title 21, United States Code, Section 963

**\* Max.Penalty**: 20 years imprisonment

Count(s) #: 14

Attempt to possess with the intent to distribute ethylone.

Title 21, United States Code, Section 846

**\* Max.Penalty**: 20 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**